Eric A. Grover (Bar No. 136080)
eagrover@kellergrover.com
Denise L. Díaz (Bar No. 159516)
ddiaz@kellergrover.com
**KELLER GROVER LLP**
425 Second Street, Suite 500
San Francisco, California 94107
Tel: (415) 543-1305; Fax (415) 543-7861

*Attorneys for Plaintiff*
*ROBERT DISTER*

Patrick J. Hagan (Bar No. 68264)
Edward E. Hartley (Bar No. 122892)
eeh@dillinghammurphy.com
**DILLINGHAM & MURPHY, LLP**
225 Bush Street, 6th Floor
San Francisco, CA 94104-4207
Tel: 415-397-2700; Fax: 415-397-3300

*Attorneys for Defendant*
*BENETTON U.S.A. CORPORATION d/b/a*
*UNITED COLORS OF BENETTON*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT DISTER, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BENETTON U.S.A. CORPORATION d/b/a UNITED COLORS OF BENETTON,<br><br>Defendant. | Case No. C 07-1379 SI<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TO STAY ACTION PENDING NINTH CIRCUIT'S REVIEW OF CLASS CERTIFICATION IN FACTA CASES** |

1
2
3

Plaintiff Robert Dister ("Plaintiff") and Defendant Benetton U.S.A. Corporation d/b/a United Colors of Benetton ("Defendant"), by and through their respective counsel, and subject to Court approval, hereby stipulate as follows:

4
5
6
7
8
9

WHEREAS, Plaintiff in this putative class action alleges that Defendant willfully violated a provision of the Fair and Accurate Credit Transactions Act ("FACTA"), 15 U.S.C. § 1681c(g), which provides, in relevant part, that "no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction";

10
11
12
13

WHEREAS, Plaintiff seeks, among other relief, statutory damages for Defendant's alleged willful violation of FACTA pursuant to 15 U.S.C. § 1681n, on behalf of a class presently defined as all consumers nationwide who received receipts containing prohibited information;

13
14
15

WHEREAS, Defendant contends that it properly truncated account numbers on receipts, meaning that its violation, if any, of 15 U.S.C. §1681c(g) was its printing of expiration dates on receipts;

16
17
18
19
20

WHEREAS, in *Soualian v. International Coffee & Tea, LLC*, Case No. CV 07-502 RGK (JCx) (C.D. Cal.), *leave to appeal granted*, Appellate Dkt No. 07-56377 (9th Cir. Sept. 13, 2007) ("*Soualian*"), the plaintiff similarly sought certification of a nationwide class based on the defendant's alleged willful printing of credit and debit card expiration dates on customer receipts in violation of 15 U.S.C. §1681c(g);

21
22
23
24
25

WHEREAS, the district court denied class certification in *Soualian* finding that a class action would not be a "superior" method of adjudication under FED.R.CIV.P. 23(b)(3) because a class award of the statutory damages authorized by 15 U.S.C. § 1681n would be disproportionate to the harm posed by the defendant's allegedly willful violations of the statute;

26
27

WHEREAS, several district courts in the Ninth Circuit have denied class certification in other FACTA cases on similar grounds;

28

-1-

WHEREAS, Defendant intends to oppose Plaintiff's motion for class certification for at least some of the same legal and factual reasons that the *Soualian* court relied upon to deny class certification;

WHEREAS, the plaintiff in *Soualian* filed a petition seeking immediate review of the court's order denying class certification in *Soualian* pursuant to FED.R.CIV.P. 23(f), which the Ninth Circuit granted on September 13, 2007;

WHEREAS, the appellant Soualian's opening brief was filed on January 16, 2008, the appellee International Coffee's brief is due on February 26, 2008, and appellant's reply brief, if any, is due on March 11, 2008;

WHEREAS, prior to and since the Ninth Circuit's grant of review, this Court along with other district courts in the Central and Northern Districts of California stayed the following FACTA cases pending the Ninth Circuit's decision in *Soualian*:

1. *Moon v. FedEx Kinko's Office and Print Services, Inc.*, Case No. C 06-7657 SI (N.D. Cal. Jan. 9, 2008);

2. *Hile v. The Body Shop Int'l PLC*, Case No. C 07-791 JSW (N.D. Cal. Jan. 9, 2008);

3. *Hile v. Max Rave LLC*, Case No. C 07-738 JSW (N.D. Cal. Dec. 7, 2007);

4. *Lopez v. The Gymboree Corp.*, Case No. C 07-0087 SI (N.D. Cal. Nov. 1, 2007);

5. *Figueroa v. Walt Disney Parks and Resorts, Inc.*, Case No. SACV 07-0019-DOC (ANx) (CD. Cal. Oct. 30, 2007) (staying action *sua sponte*);

6. *Saunders v. Claim Jumper Restaurants, LLC*, Case No. CV 07-0168-DOC (ANx) (C.D. Cal. Oct. 23 and 26, 2007);

7. *Vigdorchik v. Century Theatres, Inc.*, Case No. C 07-00736 MMC (N.D. Cal. Oct. 25, 2007);

8. *Soualian v. Barney's New York, Inc.*, Case No. CV 07-0558-GW (FFMx) (C.D. Cal. Oct. 25, 2007);

9. *Saunders v. The Johnny Rockets Group, Inc.*, Case No. SACV 07-0172-CJC (ANx) (C.D. Cal. Oct. 15, 2007);

2

10.  *Price v. Pacific Theaters*, Case No. CV 07-00929-ER (Ex) (C.D. Cal. Oct. 15, 2007);

11.  *Aeschbacher v. California Pizza Kitchen*, Case No. CV 07-00215-VBF (JWJx) (C.D. Cal. Oct. 11, 2007);

12.  *Libman  v. bebe Stores, Inc.*, Case No. CV 07-972-ABC (Ex) (C.D. Cal. Oct. 5, 2007);

13.  *Saunders v. Fuddrucker's, Inc.*, Case No. CV 07-0953-GW (RZx) (C.D. Cal. Sept. 27, 2007) (staying action *sua sponte*);

14.  *Dister v. Benetton*, Case No. C 07-013799 MJJ (N.D. Cal. Sept. 21, 2007);

15.  *Saunders v. In-N-Out Burgers*, Case No. CV 07-00169-GW (MLGx) (C.D. Cal. Sept. 10, 2007) (staying action *sua sponte*);

WHEREAS, the parties agree that the Ninth Circuit's decision in *Soualian* may provide important guidance to this Court and to the parties with respect to whether class treatment of Plaintiff's FACTA claim is superior to individual actions under FED.R.CIV.P. 23(b)(3);

WHEREAS, the parties agree that this Court has discretion to control its docket to serve the interests of justice and judicial economy, *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 20, n. 23 (1983); *Adams v. California Dep't of Health Svcs.*, 487 F.3d 684, 688 (9th Cir. 2007);

WHEREAS, the parties agree that a stay of this action will conserve judicial and party resources, avoid unnecessary expenditures of time, effort, and money, and serve the interests of justice and judicial economy, *see Figueroa v. Walt Disney Parks and Resorts*, Case No. SACV 07-0019-DOC, slip op. at 3 (holding that "it would be a considerable waste of time and effort for the parties and the Court to proceed with this action when the major point of contention is likely to be resolved by the Ninth Circuit");

**NOW, THEREFORE, FOR GOOD CAUSE SHOWN, THE PARTIES, BY AND THROUGH THEIR UNDERSIGNED COUNSEL, HEREBY STIPULATE AS FOLLOWS:**

3

1      1.    That this action be stayed in its entirety pending resolution of the appeal in

2  *Soualian v. Int'l Coffee and Tea, LLC*, Appellate Dkt No. 07-56377 (9th Cir.), or any

3  subsequent appeals filed in other FACTA class actions;

4      2.    That this case remain stayed until all appeals are exhausted on the class

5  certification issue, including any review by the United States Supreme Court;

6      3.    That the parties suggest to the Court that it schedule a status conference every

7  six (6) months to determine whether it is appropriate to continue the stay of this action;

8      4.    That each party shall reserve the right to approach the Court at any time and,

9  upon a showing of good cause, seek modification, extension or termination of this order; and

10      5.    That the case management conference scheduled for March 5, 2008 be vacated.

**IT IS SO STIPULATED.**

DATED:  February 21, 2008                    **KELLER GROVER LLP**


                                             By:  _____/s/_____
                                                  ERIC A. GROVER

                                                  *Attorneys for Plaintiff*
                                                  *ROBERT DISTER*


DATED:  February 21, 2008                    **DILLINGHAM & MURPHY, LLP**


                                             By:  _____/s/_____
                                                  EDWARD E. HARTLEY

                                                  *Attorneys for Defendant*
                                                  *BENETTON U.S.A. CORPORATION*
                                                  *D/B/A UNITED COLORS OF BENETTON*

4

1

## ORDER

2      Upon the Stipulation of the parties, and for good cause shown, this action is stayed in its

3   entirety until the Ninth Circuit Court of Appeals renders a decision in Soualian v. Int'l Coffee and

4   Tea, LLC, Appellate Dkt. No. 07-56377 (9th Cir.).  This case shall remain stayed until all appeals

5   of that decision are exhausted, including any review by the United States Supreme Court.

6      The case management conference scheduled for March 5, 2008 is hereby vacated.  A

7   status conference shall be set for ___6/6/08 @ 2:00 p.m._____ to determine whether it is appropriate

8   to continue the stay of this action.  Further status conferences on the appropriateness of this stay

9   shall be set thereafter.  The parties reserve the right to approach the Court at any time and, upon a

10  showing of good cause, seek modification, extension or termination of this order.

11     The parties shall submit a report on __6/2/08_____ as to the status of the appeals

12  in other FACTA cases, and any developments in this case.  The parties also will inform the Court

13  as to whether the stay should remain in place or be lifted.

14  **IT IS SO ORDERED.**

15

16  _____
    Honorable Susan Illston

17  United States District Judge

18

19

20

21

22

23

24

25

26

27

28

-1-